# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3791

_____

James Koste,                                    *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
       v.                                       *   District Court for the
                                                *   Eastern District of Missouri
Dave Dormire,                                   *
                                                *
            Appellee.                           *

_____

Submitted:  June 11, 2001

Filed:  August 13, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HALL,[1] Circuit Judges.

_____

McMILLIAN, Circuit Judge.

James Koste appeals from a final judgment entered in the United States District Court for the Eastern District of Missouri denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Koste v. Dormire, No. 4:98CV1709 (E.D. Mo. Sept. 25, 2000) (memorandum and order) (hereinafter "slip op.").  For reversal, Koste argues that (1) he is entitled to habeas corpus relief because the state trial court failed to adequately inquire into his allegation that his trial attorney had a conflict of

_____

[1]The Honorable Cynthia Holcomb Hall, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

interest and (2) assuming he was required to show prejudice resulting from his attorney's conflict of interest, he met that burden. Koste also argues that (3) he was entitled to an evidentiary hearing in the district court on his claim that his trial attorney was ineffective for failing to obtain a mental examination prior to his guilty pleas. For the reasons stated below, we reverse the judgment of the district court and remand this case to the district court for proceedings consistent with this opinion.

The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

On May 24, 1994, Koste was charged by indictment in the City of St. Louis with five identical counts of sodomy with a child under the age of fourteen in violation of Mo. Rev. Stat. § 566.060; all the counts involved the same child. On the day of trial, pursuant to a plea agreement, Koste entered a plea of guilty to all five charges. The plea agreement provided that he would plead guilty and the court would sentence him to 30 years without parole on each of the five counts, such sentences to run concurrently with each other and with the life sentence he was then serving.[2]

At Koste's plea hearing in the Circuit Court of the City of St. Louis, the trial judge asked if Koste authorized his attorney to say he was pleading guilty, to which Koste said he did. See Transcript of Nov. 13, 1995, proceedings in Circuit Court of the City of St. Louis (hereinafter "Tr.") at 2. The trial judge further asked if Koste was pleading guilty because he was guilty, and Koste said he was "taking the 5th," but that

---

[2]On September 26, 1992, in the Circuit Court of the City of St. Louis, Koste was found guilty of rape of a child less than fourteen years of age and received a life sentence.

he would plead guilty. See id. When Koste repeated that he would not say whether he was guilty, the trial judge responded that Koste would have to go to trial and face consecutive time. The trial judge then asked Koste if he was voluntarily entering his plea of guilty, and Koste responded "yes." See id. at 3-4. The trial judge also asked Koste if he was "crazy." Koste responded by stating "not that I know of" and that he knew what he was doing. See id. at 4. The trial judge then accepted Koste's guilty plea.

After this verbal exchange, the prosecutor summarized for the court what the evidence would show as to each count if the matter were tried. In particular, the prosecutor advised the court that the prosecution would prove, for each count, that Koste engaged in the described deviant sexual acts between January 1, 1994, and February 24, 1994. Koste admitted to the court that he had committed the acts described by the prosecutor. See id. at 6-7. The trial judge then found that Koste was a persistent sexual offender because he had previously been convicted of or plead guilty to a felony of forcible rape of a child under fourteen for which crime he was currently serving a sentence of life imprisonment. The trial judge found Koste guilty on all five counts, sentencing him to concurrent terms of 30 years without probation or parole, pursuant to the terms of his plea agreement. See id. at 7-11. Koste did not file a direct appeal from his conviction and sentence.

After Koste was sentenced, the trial judge asked him if his attorney represented him throughout the proceedings, and Koste responded "yes," but he said that he did not have sufficient time to discuss his case with the attorney; he said the attorney visited him one time in jail for five minutes. The trial judge said that he, meaning himself, "stayed here last night to afford [Koste] an opportunity to spend two or three hours with [his] lawyer; that [the trial judge] brought [Koste] to court early so [Koste] could be with [his] lawyer." Id. at 13. Koste acknowledged that his lawyer visited him in jail once and that his attorney did not make any threats or promises to encourage him to enter a plea of guilty, but Koste also said that the attorney did not do everything he

asked the attorney to do and that he was not satisfied with his attorney.  See id. at 13-14. The attorney acknowledged that she and Koste had a dispute as to what witnesses would be called and told the court that she gave an investigator instructions regarding witnesses.  The trial judge responded that he was "not going to get involved with trial technique strategy" and that he "saw [the attorney's] investigator in the court room and that the attorney was giving him some directions."  Id. at 14.

Koste further informed the trial judge that his attorney had a conflict of interest due to an appeal in another case.  See id.  The trial judge responded as follows:

> The court found that none exist[s].  The court found that we selected this jury, we let you listen to the tape, the video tape and it was not raised until this morning that I was informed that you had a suit against them, but you had filed a PCR . . . .  The court is not going to try that PCR as being no legal suit against [the attorney] and the court herein denies that.

Id. at 14-15.  The trial judge then asked Koste if he had anything else to say, and Koste responded  that he felt his "due process rights [had] been denied."  Id. at 15.  The trial judge then found that Koste had "no probable cause for ineffective assistance of counsel," stating that his attorney had "tried a number of cases in [that] division," had "been trying cases for a number of years," and that "the court [had] always found her to be a diligent attorney."  Id. at 16.

STATE POST-CONVICTION RELIEF PROCEEDINGS

Koste filed a *pro se* motion to vacate his conviction pursuant to Missouri Rules of Criminal Procedure, Rule 24.035.[3]  Counsel was appointed and filed an amended

---

[3]Rule 24.035 provides in relevant part that:

(a) Nature of Remedy - Rules of Civil Procedure Apply.  A person

motion alleging, among other things, that Koste's guilty plea was involuntary, that he was denied effective assistance of counsel because his trial counsel failed to conduct a thorough investigation and failed to seek a psychiatric examination of him, and that his rights were violated during the trial court's examination of him pursuant to Missouri Rules of Criminal Procedure, Rule 29.07(b)(4). Rule 29.07(b)(4) requires that a sentencing court, at the conclusion of final sentencing, examine a defendant on the record regarding the assistance of counsel received. Koste also requested a hearing on these issues. The motion court denied Koste's Rule 24.035 motion and further denied his request for a hearing. See Koste v. State, PCR No. 3473 (Mo. Cir. Ct. May 3, 1996).

Koste appealed the denial of his motion for post-conviction relief to the Missouri Court of Appeals. The Missouri appellate court held that the judgment of the motion court was based on findings of fact that were not clearly erroneous and that there were no errors of law, and affirmed the judgment of the motion court. See Koste v. State, No. 71817 (Mo. Ct. App. Jan. 13, 1998) (order). In regard to Koste's contention that the motion court erred in failing to conduct a hearing to determine whether his trial counsel refused to pursue a mental examination, the Missouri appellate court concluded that Koste's counsel had no absolute or routine duty to initiate an independent investigation of Koste's mental condition. See Koste v. State, No. 71817, slip op. at 7 (Mo. Ct. App. Jan. 13, 1998) (memorandum supplementing order). In regard to

convicted of a felony on a plea of guilty . . . who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel . . . may seek relief in the sentencing court pursuant to the provision of Rule 24.035.
. . . .
(h) Hearing Not Required, When. If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held.

Koste's allegation that his guilty plea was not voluntary, the Missouri appellate court said that because Koste failed to include in his motion for post-conviction relief contentions made in support of this position that he was intimidated by the trial judge into pleading guilty and that the trial judge continued with the plea hearing after Koste announced his desire to go to trial, consideration of these matters was procedurally barred. The Missouri appellate court considered Koste's contention that his plea was not voluntary due to ineffective assistance of counsel. However, although Koste asserted that he had ineffective assistance of counsel because his trial attorney (1) did not spend sufficient time with him to discuss his case, (2) disagreed with him regarding witnesses, and (3) had a conflict of interest, the state appellate court only considered the claim regarding the time spent with Koste because the other two allegations were procedurally waived as they were not included in the motion for post-conviction relief. See id. at 4-5. The Missouri appellate court concluded that the motion court did not clearly err in denying Koste an evidentiary hearing on these matters regarding the sufficiency of the time Koste's counsel spent with him. See id. at 6.

In regard to Koste's separate claim that the trial judge erred in refusing to conduct a hearing to determine whether his counsel had a conflict of interest, the Missouri appellate court found that Koste "failed to allege facts showing how his defense was prejudiced and his plea was rendered involuntary due to the alleged actions or inactions of his trial counsel because of the alleged conflict of interest." Id. at 7. The Missouri appellate court further found that Koste only argued "that the alleged conflict caused his counsel to inadequately prepare for trial and also deprived him of conflict-free advice" and concluded that Koste's conclusory assertions did not show how the matters of which he complained "resulted in prejudice to his interests." Id. Therefore, the state appellate court concluded that the motion court did not clearly err in denying Koste an evidentiary hearing on his allegation that the trial judge erred in refusing to conduct a hearing to determine whether Koste's trial counsel had a conflict of interest. The state appellate court reached this conclusion based on its finding that the "record conclusively establishe[d] that [Koste's] plea was knowingly and voluntarily

-6-

entered and that he did not meet his initial burden of pleading facts, not conclusions, not refuted by the record which entitle him to relief." Id. at 7-8.

FEDERAL HABEAS PROCEEDINGS

Having exhausted his available state remedies, Koste filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court alleging, among other things, that he was denied his right to effective assistance of counsel. The district court denied the petition. In regard to Koste's claim that his trial counsel was ineffective for failing to pursue a mental evaluation, the district court concluded that the motion court's decision was not contrary to clearly established federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented. See slip op. at 6-8. In regard to Koste's claim that he received ineffective assistance of trial counsel because his counsel was acting under a conflict of interest during his guilty plea proceedings, the district court cited the decision of the Missouri Court of Appeals stating that Koste made "conclusory assertions [which did] not show how the matters complained of resulted in prejudice to his interests." Id. at 9. Citing 28 U.S.C. § 2254(d)(2), the district court then concluded that the state appellate court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. See id. at 6-8.[4] This appeal followed.

---

[4]The district court also determined that Koste's claim that he was denied due process because of the failure of the motion court to conduct an evidentiary hearing on his Rule 24.035 motion, was not cognizable in a federal habeas petition because 28 U.S.C. § 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. See Koste v. Dormire, No. 4:98CV1709JCH, slip op. at 3 (E.D. Mo. Sept. 25, 2000) (memorandum and order). The district court further agreed with the state appellate court that Koste's claims regarding the voluntariness of his plea were procedurally barred because he did not raise them on direct appeal or in his post-conviction motion and the defense was not excused by cause or prejudice. See id. at 4. In regard to Koste's claims that his plea was not voluntary due to fear of going to trial with

**Discussion**

In the first and second of his claims certified for appeal, Koste argues that the district court erred in denying his petition because the state trial court failed to adequately inquire into his trial counsel's conflict of interest when a potential conflict was brought to the court's attention and that, assuming that he was required to show prejudice by virtue of his trial attorney's conflict of interest, he sustained this burden. Koste also argues, for the third of his claims certified for appeal, that he is entitled to an evidentiary hearing in the district court on his claim that his trial attorney was ineffective for failing to obtain a mental examination prior to his entering a guilty plea.

We first consider the standard of review applicable to the issues raised by Koste on appeal to this court. In <u>Williams v. Taylor</u>, 529 U.S. 363, 412-13 (2000) (<u>Williams</u>), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). Justice O'Connor, writing for the majority, explained that:

> § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as

---

unprepared counsel the district court concluded that the motion court's decision was not based on an unreasonable determination of the facts in light of the evidence. <u>See</u> <u>id</u>. at 6.

-8-

determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13. This "standard of review under the AEDPA is a heightened one" because Williams, 529 U.S. 411, further holds that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (Copeland), cert. denied, 121 S. Ct. 1968 (2001).

In Williams, 529 U.S. at 405-06, Justice O'Connor, writing for the majority, further explained that a state-court decision is "contrary to" the Court's clearly established precedent if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." Justice O'Connor rejected an "expansive" interpretation of § 2254(d)(1) which would permit a federal court to grant relief in cases where "a state court's application of clearly established federal law was incorrect." Id. at 407.

In regard to the meaning of the "unreasonable application of" prong of § 2254(d)(1), Justice O'Connor held that a state court decision can be an unreasonable application of Supreme Court precedent where it " identifies the correct governing legal rule from

[Supreme Court] cases but unreasonably applies it to the facts of a the particular state prisoner's case" or where it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. In summary, "when a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause." Id. at 409. "To the extent that 'inferior' federal courts [including this court] have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." Atley v. Ault, 191 F.3d 865, 871 (8th Cir. 1999) (Atley).

In analyzing the "contrary to" prong of § 2254(d)(1), we must consider whether the facts of the matter before us are materially indistinguishable from a Supreme Court case, and if they are, whether the state courts arrived at a result different from the Supreme Court's precedent. We, therefore, first consider whether there are Supreme Court decisions addressing the issue raised by Koste that the trial court failed to adequately inquire into his assertion that his trial counsel had a conflict of interest, thus denying him effective assistance of counsel. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has recognized that this right guaranteed by the Sixth Amendment includes the "right to representation that is free from conflicts of interest." Atley, 191 F.3d at 869 (citing Wood, 450 U.S. at 271) (other citations omitted). "When burdened by a conflict of interest, counsel 'breaches the duty of loyalty, perhaps the most basic of counsel's duties' and, therefore, fails to provide effective assistance of counsel." Id. (citing Strickland v. Washington, 466 U.S. 668, 692 (1984) (Strickland)). In Atley, 191 F.3d at 870, this court held that Cuyler v. Sullivan, 446 U.S. 335, 346 (1980), requires that, when a defendant makes an objection at or before trial to counsel's representation, the trial court has an obligation under Holloway v. Arkansas, 435 U.S. 475 (1978)

-10-

(Holloway), "to determine whether an actual conflict exists." This court further held that Holloway required automatic reversal of a conviction "when a trial court fails to discharge its constitutional duty to determine whether the defendant is receiving assistance of counsel unburdened by a conflict of interest" because prejudice is presumed under such circumstances. Atley, 191 F.3d at 870 (citing Holloway, 435 U.S. at 489; Wood v. Georgia, 450 U.S. 261, 272 n.18 (1981) (Wood)).

Although Holloway and Cuyler each involved an alleged conflict of interest due to counsel's joint representation of co-defendants, the rule announced in these Supreme Court cases "is not limited to [joint representation] situations." Atley, 191 F.3d at 870 n.4 (citing Wood, 450 U.S. at 268-74 (holding the trial court violated its duty to inquire into the conflict created by the fact that the defendant's lawyer was hired and paid by a third party); United States v. Horton, 845 F.2d 1414, 1418-20 (7th Cir. 1988) (Horton) (applying Holloway and Cuyler "to a defendant's claim that his attorney's application for a position as a United States Attorney created a conflict of interest that deprived him of his Sixth Amendment right")).

Koste claims that when he notified the trial court of a potential conflict of interest with his attorney, that court had a constitutional duty to conduct an adequate inquiry and that the failure to do so requires reversal. Considering the above described federal law as determined by the Supreme Court, we hold that Koste's claim falls squarely within the parameters of the Supreme Court's holding in Holloway. See Atley, 191 F.3d at 870. Cf. Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000) (holding that Holloway was not applicable where state trial court refused to appoint another attorney for defendant for the purpose of moving for substitute counsel). Therefore, pursuant to Williams, 529 U.S. at 405-06, we next consider whether the Missouri appellate court's decision in the matter before us is "contrary to" federal law as determined by the Supreme Court in Holloway.

-11-

In Atley, 191 F.3d at 872, this court recognized that "the nature of the factual inquiry required by Holloway is necessarily case-specific, and that, in some cases, no inquiry may be required because all of the relevant facts have been disclosed to the court." In the matter under consideration, after sentencing, the trial judge asked Koste whether he was satisfied with his attorney, and Koste responded that his attorney had a conflict of interest because the attorney represented him in another case where she provided constitutionally ineffective assistance of counsel and that this allegedly ineffective assistance of counsel was the subject of a pending motion for post-conviction relief. The trial judge did not inquire into the matter further nor did he give Koste the opportunity to present any factual or legal basis for his allegation. Rather, the trial judge simply responded that the court was not going to try the pending post-conviction relief motion and was, therefore, denying Koste's contention of a conflict. See Tr. at 15.

The Missouri motion court held that the Koste's right to counsel was not violated by the trial court during the trial judge's examination of him pursuant to Missouri Rule 29.07(b)(4). Upon considering Koste's allegation of his trial attorney's conflict of interest, the Missouri appellate court specifically relied on its finding that Koste's conclusory assertions did not show actual prejudice to his interests and required that he establish actual prejudice in order to obtain post-conviction relief on his claim of denial of effective representation due to his attorney's conflict. Koste v. State, slip op. at 7. However, according to clearly established federal law, actual prejudice must be established only where a defendant fails to make a timely objection. See Cuyler, 446 U.S. at 348; Atley, 191 F.3d at 869. As stated above, where a timely objection is made, as in the matter under consideration, "the trial court has an obligation under Holloway, to determine whether an actual conflict exists." Cuyler, 446 U.S. at 346; Atley, 191 F.3d at 869. Therefore, we hold that the state court's decision requiring Koste to show actual prejudice in order to prevail on his conflict of interest claim for

-12-

post-conviction relief is "contrary to" clearly established federal law as determined by Supreme Court precedent.[5]

We note that in reaching its conclusion that Koste was not entitled to relief on the basis of his alleged conflict of interest with his attorney, the district court quoted the findings of the Missouri appellate court and said that the state court conclusion withstood the scrutiny imposed by § 2254(d)(2), because it did not result in a "unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Slip op. at 9. Thus, the district court did not rely on either the "contrary to" or the "unreasonable application of" prongs of § 2254(d)(1), but rather relied on § 2254(d)(2)'s provision that a federal court shall not grant habeas corpus relief unless the state decision was based on an "unreasonable determination of the facts in light of the evidence presented." However, as we hold that the state court's decision was "contrary to" federal law as established by the Supreme Court, we need not reach the issue of whether the district court properly denied habeas relief based on § 2254(d)(2).

## Appropriate Relief

Having determined that the Missouri appellate court's decision is "contrary to" clearly established federal law within the meaning of § 2254(d)(1), we address the issue of appropriate relief. Holloway makes it clear that a failure to conduct an adequate inquiry into a defendant's claim of his attorney's conflict of interest constitutes a violation of the Sixth Amendment right to counsel. See Atley, 191 F.3d at 874. Such a violation, according to Holloway, is a constitutional defect which entitles a petitioner

---

[5]In Atley v. Ault, 191 F.3d 865 (8th Cir. 1999), because the state court sought to apply clearly established Supreme Court precedent but did so unreasonably, this court concluded that the state supreme court's decision "was an unreasonable application of clearly established Supreme Court precedent." Atley, 191 F.3d at 872.

to habeas relief and which requires reversal of a conviction. See id. Because Holloway presumes prejudice to a petitioner where the trial court fails to adequately explore the possibility of a timely raised conflict of interest, we hold that Koste "has satisfied his burden under Strickland to show that he was deprived of effective assistance of counsel in violation of the Sixth Amendment." Atley, 191 F.3d at 874 (citing Strickland, 466 U.S. at 692).

## Conclusion

Accordingly, we reverse the judgment of the district court and remand this case to district court for proceedings consistent with this opinion. The writ shall issue unless, within 90 days from the issuance of this decision, the state commences proceedings to retry Koste. Because we are reversing on other grounds, we find it unnecessary to reach the issue of whether Koste is entitled to habeas relief based on his allegation that his trial counsel failed to obtain a mental examination.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.