# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3791

_____

James Koste,                                       *
                                                   *
            Appellant,                             *
                                                   *   Appeal from the United States
      v.                                           *   District Court for the
                                                   *   Eastern District of Missouri
Dave Dormire,                                      *
                                                   *
            Appellee.                              *

_____

Submitted:   March 24, 2003

Filed:   October 7, 2003

_____

Before McMILLIAN, RICHARD S. ARNOLD and HALL,[1] Circuit Judges.

_____

McMILLIAN, Circuit Judge.

      This case is before us on remand from the United States Supreme Court. James Koste filed the present action in the United States District Court[2] for the Eastern District of Missouri seeking a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Koste's petition, see Koste v. Dormire,

_____

[1]The Honorable Cynthia H. Hall, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

No. 4:98CV1709 (E.D. Mo. Sept. 25, 2000) (hereinafter "District Court Order"), and certified two claims for our review: (1) a claim of ineffective assistance of counsel based upon Koste's assertion that his trial counsel was acting under a conflict of interest during his change-of-plea hearing and (2) a claim of ineffective assistance of counsel based upon Koste's assertion that his trial counsel should have pursued a mental evaluation before he pled guilty, see id. (Sept. 25, 2000) (Certificate of Appealability). Upon review, we concluded that Koste was entitled to relief on the first of these claims, declined to reach the second claim, and remanded the case to the district court with instructions to issue the writ pending an opportunity for the state to retry Koste. Id., 260 F.3d 872 (8th Cir. 2001), cert. granted and judgment vacated, 535 U.S. 967 (2002). The state filed a petition for a writ of certiorari in the United States Supreme Court. On April 1, 2002, the Supreme Court granted certiorari, vacated our judgment, and remanded the case to us for further consideration in light of Mickens v. Taylor, 535 U.S. 162, 122 S. Ct. 1237 (2002) (Mickens), filed five days earlier. We now affirm the judgment of the district court.

I.

Jurisdiction was proper in the district court pursuant to 28 U.S.C. § 2254. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 2106, 2253.

II.

The following summary of the background is based upon the record on appeal (hereinafter "Record"). On May 24, 1994, Koste was indicted under Missouri state law on five counts of sodomy with a child under the age of fourteen. Each count involved the same child and referred to the same period of time in which the offense was alleged to have occurred. An assistant public defender, Robert Lundt, entered an appearance on Koste's behalf. Lundt had represented Koste in a prior, separate state court criminal case.

On October 24, 1994, Koste filed a *pro se* "Motion to Dismiss Counsel" alleging that he was receiving ineffective assistance from Lundt. See Record at 147-50. Koste also filed a *pro se* "Motion for Pretrial Mental Exam" asking the state trial court to "order a mental evaluation for a determination on a multiple personality disorder and any other psychological defect as a result of abuse or trauma." Id. at 151.[3]

Lundt continued to represent Koste for approximately five months, during which Lundt filed motions to suppress and a witness endorsement on Koste's behalf. Meanwhile, Koste's trial was continued on several occasions at the requests of both defense counsel and the prosecutor.

On March 27, 1995, the state trial court granted Lundt permission to withdraw as Koste's attorney, and Terri Johnson, another assistant public defender, entered an appearance on behalf of Koste. Lundt and Johnson worked together in the same public defender's office. Koste's trial was postponed several more times, with the last continuance setting a trial date of November 13, 1995.

On November 13, 1995, a jury was selected for Koste's trial, and court was adjourned until the next morning. On the morning of November 14, 1995, Koste filed a *pro se* "Motion of Conflict of Interest." See id. at 175-76. In this *pro se* motion, Koste alleged that he was being denied effective assistance of counsel because "[a] conflict has been created between movant and his attorney, due to a motion to vacate, set aside or correct judgment and sentence in Cause Number 921-1150 against attorney's said office." Id. at 175. Koste was referring to a claim of ineffective assistance of counsel which he had asserted in a motion for post-conviction relief challenging his conviction in the prior case for which Lundt had been his attorney.

---

[3]Spelling errors in Koste's *pro se* materials have been corrected herein.

-3-

Also on the morning of November 14, 1995, Johnson notified the state trial court that Koste wished to change his plea of not guilty to a plea of guilty pursuant to a plea agreement. The state trial court thereupon conducted a change-of-plea hearing at which Koste pled guilty to each of the five counts in the indictment. During the hearing, the state trial court questioned Koste regarding the voluntariness of his guilty plea and found that Koste had entered his guilty plea freely and voluntarily. See id. at 45 (Transcript of Oral Proceedings ("Transcript") at 4). The prosecutor summarized the facts which would have been proven if the matter had proceeded to trial, and Koste admitted that he committed the acts alleged. See id. at 46-48 (Transcript at 5-7). Consistent with the plea agreement, the state trial court sentenced Koste to five concurrent 30-year terms of imprisonment without parole, each to run concurrently with a life sentence that he was already serving on his prior conviction. Id. at 51-52 (Transcript at 10-11) and 43 (Transcript at 2).

The following exchanges then took place between the state trial court and Koste and the state trial court and Johnson:

> THE COURT: Your attorney in this matter is Ms. Terri Johnson. Did your attorney represent you throughout this proceeding?
>
> [KOSTE]: She did represent me, Your Honor.
>
> THE COURT: Have you had sufficient time to discuss your case with your attorney prior to pleading guilty?
>
> [KOSTE]: I don't feel so, Your Honor.
>
> THE COURT: Okay, the Court herein finds that – I stayed here last night myself to afford you an opportunity to spend two or three hours with your lawyer; that I had brought you to Court early so you could be with your lawyer.

Your lawyer indicated to me in your presence that she visited you at jail once. You were returned from the penitentiary, is that right?

[KOSTE]: One time for five minutes, Your Honor.

THE COURT: Okay. The Court finds that you have had sufficient time to discuss your case with your lawyer and I was here this morning at 9 o'clock.

Did your attorney do everything you asked her to do?

[KOSTE]: No.

THE COURT: Okay. Did you give her any names or addresses of any witnesses?

[KOSTE]: Yes, sir.

THE COURT: Ms. Johnson, I saw your investigator talking to you. Did you order things done for this man on his behalf this morning?

MS. JOHNSON: Yes, Your Honor. But, Mr. Koste was having a dispute as to what witnesses would be called in this case.

THE COURT: I am not going to get involved in the trial technique strategy, all I want to know – I saw your investigator in the courtroom and you were giving him some directions.

MS. JOHNSON: That's correct, Your Honor.

. . . .

THE COURT [speaking to Koste]: Anything else you want to tell me about your lawyer before I decide whether I believe you received effective assistance of counsel?

. . . .

[KOSTE]: I do believe that my attorney and I are at a conflict of interest due to my appeal on my other case as I stated in my motion, and I refer to it.

THE COURT: Okay. The Court found that none exist. The Court found that we selected this jury, we let you listen to the tape, the video tape and it was not raised until this morning that I was informed that you had a suit against them, but you had filed a [motion for post-conviction relief], is that correct?

[KOSTE]: Yes, sir.

THE COURT: The Court is not going to try that [motion for post-conviction relief] as being no legal suit against Ms. Johnson and the Court herein denies that.[4]

Anything further?

MS. JOHNSON: No, Your Honor.

Id. at 53-56 (Transcript at 12-15).

After judgment was entered based upon Koste's guilty plea, he filed a *pro se* motion for post-conviction relief in state court. See id. at 68-77. He claimed, among other things, that he was denied effective assistance of counsel because Johnson was acting under a conflict of interest at the time he entered his guilty plea. His *pro se* motion for post-conviction relief stated the following:

---

[4]As stated above, Lundt represented Koste in a prior criminal case, which was the basis for the referenced motion for post-conviction relief. Lundt and Johnson worked in the same public defender's office, and Johnson had replaced Lundt as Koste's counsel in the case that was at bar. These facts underlie Koste's conflict-of-interest claim and also explain the state trial court's seemingly inconsistent references to "a suit against them" and "no legal suit against Ms. Johnson." Record at 56 (Transcript at 15).

[A] conflict did exist as counsel was also involved in cause number 921-150 whereas movant is claiming ineffective counsel. This conflict forced movant to make statements without the advice of conflict-free counsel. . . . This conflict did so prejudice counsel that counsel refused to converse with movant and prepare for trial. Counsel did visit movant one time prior to picking jury for five minutes[.] [B]y the trial court's refusal to relieve this counsel at movant's request the trial court did operate to deny movant of conflict free counsel.

Id. at 71-72.

The state trial court appointed the Special Public Defender's Office to represent Koste in the post-conviction relief proceedings. Koste's new attorney filed an amended motion for post-conviction relief which fully incorporated Koste's *pro se* motion, added some claims for relief, and requested an evidentiary hearing. See id. at 84-93. One of the claims added in the amended motion for post-conviction relief alleged ineffective assistance of counsel for failure to obtain a mental evaluation. Id. at 87. In response, the state moved to dismiss Koste's motion for post-conviction relief for failure to state a claim upon which relief could be granted.

The state trial court denied Koste's request for an evidentiary hearing on the ground that he had "failed to allege grounds that would entitle him to relief if true and that are not refuted by the record." Koste v. State, PCR No. 3473, Div. No. 5, slip op. at 2-3 (Mo. Cir. Ct. May 10, 1996) (Findings of Fact, Conclusions of Law, Order and Judgment). In addressing Koste's ineffective assistance claim based upon his trial counsel's failure to obtain a mental evaluation, the state trial court noted that "[t]he record here reflects that movant was fully able to understand the proceedings, and movant has alleged no facts which would have indicated to his attorney that his competency was at issue." Id., slip op. at 4. Regarding Koste's *pro se* motion asking for a court-ordered mental evaluation, the state trial court reasoned that "[t]he filing of this motion by movant does not indicate a lack of competency, but would seem to indicate the contrary." Id. at 4 n.1. The state trial court denied Koste's motion for

post-conviction relief.  Id. at 6.  Koste appealed, arguing in terms of whether the state trial court should have at least held a hearing on his claims for post-conviction relief.

The Missouri Court of Appeals affirmed the denial of Koste's motion for post-conviction relief and set forth its reasons in an unpublished supplemental memorandum.  Koste v. State, No. 71817 (Mo. Ct. App. Jan. 13, 1998) (hereinafter "Missouri Court of Appeals Memorandum").  Regarding Koste's ineffective assistance claim based upon the alleged conflict of interest, the Missouri Court of Appeals explained:

> Mr. Koste lastly argues that the trial judge erred in refusing to conduct a hearing to determine whether he had a conflict of interest with his trial counsel.  Mr. Koste alleges that his trial counsel had a conflict of interest based on Mr. Koste's challenge to the effectiveness of her counsel in another proceeding.  Mr. Koste has failed to allege facts showing how his defense was prejudiced and his plea was rendered involuntary due to the alleged actions or inactions of his trial counsel because of the alleged conflict of interest.  Instead, Mr. Koste argues that the alleged conflict caused his counsel to inadequately prepare for trial and also deprived him of conflict-free advice.  These conclusory assertions do not show how the matters complained of resulted in prejudice to his interests.  The motion court did not clearly err in denying Mr. Koste an evidentiary hearing on these allegations because the record conclusively establishes that his plea was knowingly and voluntarily entered and that he did not meet his initial burden of pleading facts, not conclusions, not refuted by the record which entitle him to relief.

Id. at 7-8.

Regarding Koste's ineffective assistance claim based upon trial counsel's failure to obtain a mental evaluation, the Missouri Court of Appeals explained:

Mr. Koste also claims that the motion court erred in failing to conduct a hearing to determine whether his trial counsel refused to pursue a mental evaluation. Mr. Koste claims that had such an evaluation been conducted, it would have revealed that he suffers from multiple personality disorder. Mr. Koste filed a *pro se* motion for a mental evaluation in this case on November 1, 1994.

After reviewing the files and the record, we conclude that there is nothing to suggest that Mr. Koste's counsel was aware or should have been aware of any mental defect of Mr. Koste. . . . Mr. Koste never said or did anything at his guilty plea hearing that would have caused the judge or his trial counsel to suspect that he suffered from multiple personality disorder or any other mental disease. Moreover, Mr. Koste does not claim that he ever requested his trial counsel to obtain a mental evaluation to determine whether he suffered from multiple personality disorder. In fact, he does not even claim that his trial counsel knew or should have known that he filed a *pro se* motion for a mental evaluation. Under these circumstances, the motion court did not clearly err in denying Mr. Koste's request for an evidentiary hearing on this matter.

Id. at 6-7.

Koste thereafter brought the present habeas action in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 2254, asserting several claims for relief including the two ineffective assistance claims discussed herein. As to each of these two claims, the district court applied the standards in § 2254(d) and concluded that the decision of the Missouri Court of Appeals was not contrary to clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence presented. See id. at 8-10.

In a panel opinion filed on August 13, 2001, we initially reversed the district court's decision on the reasoning that the Supreme Court's decision in Holloway v. Arkansas, 435 U.S. 475 (1978) (Holloway), clearly established that, where a timely objection has been made regarding an attorney's existing conflict of interest, the trial court is constitutionally required to determine whether an actual conflict exists.

Because Koste had brought a timely *pro se* motion alleging an existing conflict of interest resulting from his pending ineffective assistance claim, we concluded that the state trial court was required under <u>Holloway</u> to inquire into the conflict issue. Because the state trial court had taken no action to explore the matter, we held that the Missouri Court of Appeals' decision, upholding the denial of Koste's motion for post-conviction relief, was contrary to clearly established federal law as determined by the Supreme Court. Having disposed of the case on the conflict-of-interest issue, we did not reach Koste's ineffective assistance claim based upon his counsel's failure to obtain a mental evaluation.

On April 1, 2002, the Supreme Court entered its order remanding the case to us for further consideration in light of its recent decision in <u>Mickens</u>.

III.

As in the case at bar, <u>Mickens</u> involved a petition for a writ of habeas corpus filed in federal court pursuant to 28 U.S.C. § 2254. The petitioner, Walter Mickens, was seeking relief from a state capital murder conviction and death sentence following a jury trial. Mickens asserted, among other things, that his trial attorney had acted under a conflict of interest because, at the time of the murder, the attorney had been representing the victim of the murder for which Mickens was tried and convicted. A state court judge had dismissed criminal charges against the murder victim (due to his death) and, a few days later, appointed the attorney who had been representing the murder victim on the dismissed criminal charges to represent Mickens on the murder charge. In Mickens's case, the appointed attorney did not disclose his prior representation of the murder victim, a juvenile whose files remained confidential under state law. Mickens did not learn of his attorney's prior representation of the murder victim until the murder victim's criminal files were inadvertently produced to Mickens's federal habeas counsel.

After the conflict issue was raised in the federal habeas action, the district court held an evidentiary hearing to examine the underlying facts. The district court denied Mickens relief because he had not shown prejudice. Initially a panel of the Fourth Circuit reversed, but subsequently the Fourth Circuit, sitting *en banc*, affirmed the district court's denial of habeas relief. Mickens v. Taylor, 240 F.3d 348 (4th Cir. 2001). The Supreme Court granted certiorari.

In defining the issue before it, the Court noted that there are exceptions to the requirement in Strickland v. Washington, 466 U.S. 668, 685-86 (1984), that prejudice be shown in order to prevail on an ineffective assistance of counsel claim. The Court explained:

> We have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary.

Mickens, 122 S. Ct. at 1240-41.

The Court continued:

> We have held in several cases that "circumstances of that magnitude" may also arise when the defendant's attorney actively represented conflicting interests. The nub of the question before us is whether the principle established by these cases provides an exception to the general rule of Strickland under the circumstances of the present case.

Id. at 1241.

Examining its relevant precedents, the Supreme Court stated of Holloway that it "creates an automatic reversal rule only where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict." Id. at 1241-42 (citing Holloway, 435 U.S. at 488 ("[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic.")).

Addressing next its decision in Cuyler v. Sullivan, 446 U.S. 335 (1980) (Sullivan), the Supreme Court observed that: "[n]either counsel nor anyone else objected to the multiple representation, and counsel's opening argument at Sullivan's trial suggested that the interests of the defendants were aligned." 122 S. Ct. at 1242. Thus, under those circumstances, the Court explained, "[w]e declined to extend Holloway's automatic reversal rule . . . and held that, absent objection, a defendant must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.'" Id. (quoting Sullivan, 446 U.S. at 348-49).

Finally, the Supreme Court addressed its decision in Wood v. Georgia, 450 U.S. 261 (1981) (Wood), the applicability of which was the source of much debate in the case before the Court. In Wood, the Supreme Court had originally granted certiorari to consider an equal protection issue, but then discovered that there was an underlying due process issue because the petitioners had been represented by their employer's attorney, under an apparent conflict of interest. Upon discovering the apparent conflict, the Court ordered the case returned to the state trial court "'to determine whether the conflict of interest that th[e] record strongly suggests actually existed.'" Mickens, 122 S. Ct. at 1242-43 (quoting Wood, 450 U.S. at 273). The Supreme Court in Mickens then explained Wood as follows:

> Because "[o]n the record before us, we [could not] be sure whether counsel was influenced in his basic strategic decisions by the interests of the employer who hired him," we remanded for the trial

-12-

court "to determine whether the conflict of interest that this record strongly suggests actually existed."

. . . As used in the remand instruction,[5] . . . we think "an actual conflict of interest" meant precisely a conflict *that affected counsel's performance* –as opposed to a mere theoretical division of loyalties. It was shorthand for the statement in <u>Sullivan</u> that "a defendant who shows that a conflict of interest *actually affected the adequacy of his representation* need not demonstrate prejudice in order to obtain relief." (emphasis added in <u>Mickens</u>).

<u>Id.</u> at 1242-43 (internal citations and footnote omitted) (quoting <u>Wood</u>, 450 U.S. at 273; <u>Sullivan</u>, 446 U.S. at 349-50).

The Supreme Court thus went on to reject Mickens's argument that, where the trial judge has failed to make a <u>Sullivan</u>-type inquiry notwithstanding an apparent attorney conflict of interest, reversal is automatic regardless of whether the conflict affected the attorney's performance. <u>Id.</u> at 1244. The Supreme Court concluded that, where the trial court knew or reasonably should have known about a potential attorney conflict of interest and yet failed to make an inquiry, the petitioner, in order to void the conviction, must show that the conflict of interest had an adverse effect on his or her counsel's performance. <u>Id.</u> at 1245.

---

[5]The remand instruction in <u>Wood v. Georgia</u>, 450 U.S. 261, 273 (1981), states:

The judgment below is vacated and the case remanded with instructions that it be returned to the State Court of Fulton County. That court should hold a hearing to determine whether the conflict of interest that this record strongly suggests actually existed at the time of the probation revocation or earlier. If the court finds that an actual conflict of interest existed at that time, and that there was no valid waiver of the right to independent counsel, it must hold a new revocation hearing that is untainted by a legal representative serving conflicting interests.

We now apply <u>Mickens</u> to the case at bar. At the outset, we review the nature of the attorney conflict of interest alleged by Koste. As stated above, Koste initially asserted that there was a conflict of interest in his *pro se* motion filed on the day of trial, which instead became the day of his change-of-plea hearing. Johnson, herself, never alleged a conflict of interest or suggested that her ability to represent Koste had been compromised. Koste's conflict of interest argument was based upon the fact that, at the time of his change-of-plea hearing, his trial attorney, Johnson, worked in the same office with Lundt, against whom Koste had a pending ineffective assistance claim arising out of his prior, separate criminal case. <u>Mickens</u> now makes it clear that, under these circumstances, Koste is not entitled to automatic reversal of his conviction. 122 S. Ct. at 1241-42 ("<u>Holloway</u> thus creates an automatic reversal rule only where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict.") (citing <u>Holloway</u>, 435 U.S. at 488).

In <u>Mickens</u>, the Supreme Court cautioned that it was only addressing the effect of a trial court's failure to inquire into a potential conflict upon the <u>Sullivan</u> rule that deficient performance of counsel must be shown. The Court noted that the parties had *assumed* that <u>Sullivan</u> would apply absent an exception for failure to inquire. <u>Id.</u> at 1245. The Court observed:

> The case was presented and argued on the assumption that (absent some exception for failure to inquire) <u>Sullivan</u> would be applicable–requiring a showing of defective performance, but *not* requiring in addition (as <u>Strickland</u> does in other ineffectiveness-of-counsel cases), a showing of probable effect upon the outcome of trial. That assumption was not unreasonable in light of the holdings of Courts of Appeals, which have applied <u>Sullivan</u> "unblinkingly" to "all kinds of alleged attorney ethical conflicts." They have invoked the <u>Sullivan</u> standard not only when (as here) there is a conflict rooted in counsel's obligations to *former* clients, but even when representation of the defendant somehow implicates counsel's personal or financial interests.

Id.

Referring specifically to conflict issues based upon successive representations (as was the case in Mickens), the Court stated "[w]hether Sullivan should be extended to such cases remains, as far as the jurisprudence of this Court is concerned, an open question." Id. at 1246.

Thus, following Mickens, there remains an open question in the present case as to whether Johnson even had a sufficient conflict of interest to warrant application of Sullivan. The transcript of the change-of-plea hearing suggests that, at that time, the state trial court understood the nature of Koste's conflict argument but questioned whether a conflict of interest actually existed, where Johnson had not actually represented Koste in the criminal case from which Koste's pending ineffective assistance claim had arisen. See Record at 56 (Transcript at 15) (The Court: "The Court is not going to try [Koste's pending motion for post-conviction relief] as being no legal suit against Ms. Johnson and the Court herein denies that."). For purposes of the present analysis, however, we will assume without deciding that the state trial court had enough information to know that Johnson was acting under a conflict of interest sufficient to require application of Sullivan. Given that assumption, we will further assume, consistent with Mickens, that "it was at least necessary, to void the conviction, for [Koste] to establish that the conflict of interest adversely affected [Johnson's] performance." 122 S. Ct. at 1245. As a practical matter, we understand this standard to require Koste to show that Johnson's performance was actually deficient in some specific way and that the deficiency was causally connected to the conflict of interest.

In the post-conviction relief proceedings, Koste did allege that the conflict affected Johnson's performance by: (1) causing her to prepare inadequately for trial and (2) preventing her from giving him conflict-free advice. The Missouri Court of

Appeals found neither to warrant relief or entitlement to a hearing because Koste's "conclusory assertions [did] not show how the matters complained of resulted in prejudice to his interests." Missouri Court of Appeals Memorandum at 7. The Missouri Court of Appeals further observed that Koste "ha[d] failed to allege facts showing how his defense was prejudiced and his plea was rendered involuntary due to the alleged actions or inactions of his trial counsel because of the alleged conflict of interest." Id.

In ruling upon Koste's § 2254 habeas petition, the district court quoted the Missouri Court of Appeals' reasoning and upheld the state court's decision as "not based on an unreasonable determination of the facts in light of the evidence presented." District Court Order at 9-10.

We first note that the Missouri Court of Appeals' rejection of Koste's ineffective assistance claim for failure to prove *prejudice* resulting from the alleged conflict of interest is not entirely consistent with the applicable standard as explained in Mickens. As discussed above, the Supreme Court stated in Mickens that, following Sullivan and Woods, the standard remains that "'a defendant who shows that a conflict of interest *actually affected the adequacy of his representation* need not demonstrate prejudice in order to obtain relief.'" 122 S. Ct. at 1243 (quoting Sullivan, 446 U.S. at 349-50) (emphasis added in Mickens). In other words, even though Koste failed to show prejudice, he nevertheless could have established a basis for relief by showing that the alleged conflict of interest had an actual adverse effect upon Johnson's performance as his counsel.

As noted above, Koste generally alleged in the state courts that Johnson's performance was deficient because she had not adequately prepared for trial nor provided him with conflict-free advice. However, as the Missouri Court of Appeals suggested, Koste failed to allege, much less show, that Johnson's trial preparation or legal advice was deficient in any specific way or that any deficiency in her

-16-

performance was causally connected to the alleged conflict of interest arising out of his ineffective assistance claim against Lundt.[6] In sum, Koste has not sufficiently shown that Johnson's alleged conflict of interest adversely affected her performance as his counsel.[7]

Consequently, upon reconsideration of this ineffective assistance claim, we affirm the district court's denial of relief pursuant to 28 U.S.C. § 2254.

IV.

We now consider the remaining claim certified by the district court for appellate review. In the district court, Koste asserted that he was denied effective assistance of counsel as a result of his trial counsel's failure to obtain a mental evaluation before he entered his guilty plea. Koste has consistently based this claim upon the allegation that, during the time the underlying criminal charges were pending in state court, his trial attorneys knew or should have known that he suffered

---

[6]Koste has specifically argued in this habeas action in federal court that Johnson failed in the state trial court to challenge an arguably multiplicitous indictment on double jeopardy grounds and failed to ensure that Koste's plea was knowing and voluntary. See Brief for Appellant at 18-24. However, even if we were to consider these two newly asserted arguments, they would not advance Koste's legal position because neither relates to the adequacy of Johnson's trial preparation or her advice to Koste.

[7]We recognize that, unlike in the present case, the district court in Mickens held an evidentiary hearing to consider the facts underlying the petitioner's conflict-of-interest claim. However, in Mickens, 122 S. Ct. at 1240, the Supreme Court recognized that the petitioner had shown cause for his failure to raise the conflict issue in state court because, through no fault of his own, he had not learned of the conflict until after the federal habeas proceedings had begun. By contrast, in the present case, Koste had several opportunities in the state court proceedings to assert more specific facts to support his claim for post-conviction relief based upon his attorney's alleged conflict of interest.

from a multiple personality disorder. Koste now argues on appeal that the relevant record on this issue is inadequate, notwithstanding his diligent efforts, and that he is therefore at least entitled to an evidentiary hearing in federal court.

As described above, Koste first asserted a claim of ineffective assistance of counsel for failure to obtain a mental evaluation in his amended motion for post-conviction relief filed in the state trial court. In that amended motion, he alleged that he had a multiple personality disorder which counsel should have known about and investigated. The state trial court denied him post-conviction relief upon review of the record, but without a hearing.[8] Koste appealed to the Missouri Court of Appeals arguing only that he should have been granted an evidentiary hearing in the state trial court on this matter. The Missouri Court of Appeals affirmed both the state trial court's denial of an evidentiary hearing and its denial of post-conviction relief. As quoted above, the Missouri Court of Appeals reasoned:

> Mr. Koste never said or did anything at his guilty plea hearing that would have caused the judge or his trial counsel to suspect that he suffered from multiple personality disorder or any other mental disease. Moreover, Mr. Koste does not claim that he ever requested his trial counsel to obtain a mental evaluation to determine whether he suffered from multiple personality disorder. In fact, he does not even claim that his trial counsel knew or should have known that he filed a *pro se* motion for a mental evaluation.

Missouri Court of Appeals Memorandum at 7.

---

[8]As stated above, Koste first suggested that he suffers from a multiple personality disorder when he filed his *pro se* "Motion for Pretrial Examination" in the state trial court in his underlying criminal case. Addressing that *pro se* motion, the state trial court, in denying Koste's motion for post-conviction relief, reasoned that "[t]he filing of this [*pro se* "Motion for Pretrial Examination"] by movant does not indicate a lack of competency, but would seem to indicate the contrary." Koste v. State, PCR No. 3473, Div. No. 5, slip op. at 4 n.1 (Mo. Cir. Ct. May 10, 1996).

In the present habeas action, the district court held, upon application of the standards in 28 U.S.C. § 2254(d), that the Missouri Court of Appeals' decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented. District Court Order at 8. We agree with the district court that Koste failed to establish grounds for relief under § 2254(d) because it was not unreasonable for the Missouri Court of Appeals to conclude, on the record before it, that Koste's trial counsel performed within "the wide range of professionally competent assistance," notwithstanding counsel's failure to have Koste mentally evaluated. See Strickland v. Washington, 466 U.S. at 690 ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing functional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decision in the exercise of reasonable judgment.").

Koste nevertheless argues on appeal that he is at least entitled to an evidentiary hearing in federal court under 28 U.S.C. § 2254(e)(2).[9] He cites Williams v. Taylor,

---

[9]28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –

529 U.S. 420 (2000), for the proposition that, having diligently pursued this claim in state court, he cannot be charged with having failed to develop the factual basis for his claim in state court, and he should now have the opportunity to develop the facts in federal court.  Brief for Appellant at 28-29.

In Williams v. Taylor, 529 U.S. at 437, the Supreme Court explained:

> Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. . . . For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error.  If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are not met.  Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.

In the present case, Koste did request an evidentiary hearing on this ineffectiveness assistance claim in his motion for post-conviction relief in state court.

---

> (A) the claim relies on –
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

However, in asserting this ineffective assistance claim, he alleged nothing more than the following: "Trial counsel was ineffective for failing to have psychiatric examination of movant. Movant has a multiple personality disorder that counsel should have known about and investigated." Record at 87. In other words, Koste made no effort in his motion for post-conviction relief to develop the record or assert any facts to support the claim that counsel should have known about and investigated his alleged multiple personality disorder. Under the circumstances, it was not unreasonable for the state trial court to deny him an evidentiary hearing. Any inadequacy in the state court record was largely attributable to Koste himself. Consequently, because there has been no suggestion that the requirements in § 2254(e)(2)(A), (B) have been met, we hold that the district court did not err in denying Koste an evidentiary hearing in federal court. Accord Williams v. Taylor, 529 U.S. at 437-40 (where petitioner failed to develop factual basis for a claim in state court, he had not diligently pursued the claim; because he had not met the requirements of § 2254(e)(2)(A), (B), he was not entitled to an evidentiary hearing in federal court on that claim).

Upon consideration of this ineffective assistance claim, we affirm the district court's denial of relief pursuant to 28 U.S.C. § 2254.

V.

The judgment of the district court is affirmed.

_____