# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2709

_____

Jason Jerrel Ausler,                          *
                                              *
    Plaintiff - Appellant,             *
                                              *   Appeal from the United States
v.                                            *   District Court for the
                                              *   Eastern District of Arkansas.
United States of America,                     *
                                              *
    Defendant - Appellee.              *

_____

Submitted:  May 14, 2008
    Filed:   October 24, 2008 **(Corrected 10/28/08)**

_____

Before LOKEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

    Jason Jerrel Ausler was convicted of possession with intent to distribute controlled substances and sentenced as a career offender to 480 months in prison. Ausler appealed; this court affirmed. United States v. Ausler, 395 F.3d 918 (8th Cir.), cert. denied, 546 U.S. 861 (2005).  He then filed and the district court[1] denied a motion for post-conviction relief under 28 U.S.C. § 2255.  United States v. Ausler, 2007 WL 1427717 (E.D. Ark. May 14, 2007).  The court granted a certificate of appealability on two issues, whether Ausler "was denied conflict-free counsel," and

_____

[1]The Honorable J. Leon Holmes, Chief Judge of the United States District Court for the Eastern District of Arkansas.

whether <u>United States v. Booker</u>, 543 U.S. 220 (2005), "applies retroactively to cases on collateral review." Ausler appeals. We affirm.

## I. Background

Ausler was indicted on August 8, 2001, after Sheriff's deputies found over six kilograms of powder cocaine and thirty grams of crack cocaine in his vehicle during a routine traffic stop. After three different attorneys represented Ausler and withdrew, the court appointed attorney Mark Jesse to determine whether Ausler qualified for appointed counsel. Two weeks later, Jesse filed a motion requesting a hearing to determine if a conflict of interest existed. At the start of the hearing on that motion, Magistrate Judge Henry L. Jones, Jr., called the case, "United States versus Jason Ausler." Ausler interrupted with a lengthy tirade asserting that his name was copyrighted and Magistrate Judge Jones was not authorized to use it. The court then turned to attorney Jesse, who stated that Ausler claimed a common-law copyright in the use of his name and had sent Jesse a document asserting that Jesse would be subjected to a $500,000 penalty any time he used Ausler's name. The court commented it had received a similar document. Jesse explained that he was not in a position to determine the merits of Ausler's copyright claim; "as a result I have asked the Court to determine . . . whether there's a conflict."

Ignoring further interruptions by Ausler, the court then asked Jesse if he had been able to determine whether Ausler qualified for appointed counsel. Jesse replied that Ausler appeared to be qualified but refused to sign the required financial affidavit, a fact confirmed by the Pretrial Services Officer. The court then asked Ausler for his position regarding appointed counsel. Ausler again asserted his common law copyright theory at length, concluding:

> The only reason I am here is to do business because you are holding the wrong party and holding him against his will. If you want to do

business, then let's do business; otherwise, let's call off the whole thing right now and go home.

The court then asked, "Is it your position that your attorney cannot use your name at all?" Ausler responded, "I have never been represented by counsel." Magistrate Judge Jones then asked Ausler five times if he wished to have appointed counsel. Ausler replied with non-responsive monologues and again asserted, "I have never been represented by counsel, never, and I have an affidavit stating that fact."

At the end of this colloquy, the court concluded that Ausler wished to proceed *pro se* and relieved Jesse of the appointment. The court observed that there might be an issue of standby counsel "at a later point." When Jesse immediately volunteered to act as standby counsel, the court determined that Jesse would act "at least at this point as standby counsel." Ausler then interrupted with another lengthy monologue. At its conclusion, the prosecutor noted that a mental evaluation was in order; Jesse agreed. The court advised Ausler of the disadvantages of proceeding *pro se* and invited him to seek appointment of counsel or retain counsel. The court also warned Ausler that the trial judge was likely to rule that the asserted common law copyright "does not serve as any type of a defense for the charges pending against him, will not prevent the admission of witness testimony against him at trial and will not otherwise be put before the jury."

At the start of trial some months later, District Judge Steven M. Reasoner (now deceased) asked Ausler if he intended to represent himself. Ausler responded by asserting his copyright claim. The court replied:

> Mr. Ausler, whether you copyrighted your name or not, in this action where you are a party, you will be referred to as "Mr. Ausler." If you refuse to respond to the Court or to an attorney, that will be considered disruptive behavior. And you are not allowed to continue disruptive behavior in this court and remain in the courtroom. I have had occasions

in the past to remove disruptive defendants from the courtroom and continue the trial without them, letting, in this case, Mr. Jesse take over. And that's what will happen.

Ausler persisted and, after several additional warnings, the court declared him disruptive and removed him from the courtroom. Following a day long trial at which Jesse served as defense counsel, the jury found Ausler guilty of possession with intent to distribute both crack and powder cocaine.

## II. Conflict-Free Counsel

Ausler argues that his Sixth Amendment right to the effective assistance of counsel was violated when Magistrate Judge Jones did not adequately inquire into the conflict of interest raised by attorney Jesse before appointing Jesse standby counsel, and again when District Judge Reasoner failed to inquire into the conflict and appoint substitute counsel at trial. Acknowledging that a claim of ineffective assistance normally requires a showing of prejudice, see Strickland v. Washington, 466 U.S. 668, 687 (1984), and that no showing was made in this case, Ausler seeks to come within the "automatic reversal rule" of Holloway v. Arkansas, 435 U.S. 475, 488-89 (1978). However, the Supreme Court has limited the automatic reversal rule of Holloway to cases "where defense counsel is forced to represent codefendants over his timely objection, unless the trial court has determined that there is no conflict." Mickens v. Taylor, 535 U.S. 162, 168 (2002). By contrast, in cases involving a failure to inquire into other types of potential conflicts, Mickens requires that the defendant show that "a conflict of interest actually affected the adequacy of [counsel's] performance," rather than Strickland prejudice. Id. at 170-71 & nn. 3, 4, quoting Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).

Applying the controlling authority of Mickens, Ausler's conflict argument fails for many reasons. First, because the conflict did not involve Jesse's representation of

-4-

multiple defendants, <u>Holloway</u>'s automatic reversal rule as construed in <u>Mickens</u> does not apply. When attorney Jesse timely raised a possible conflict of interest that did not involve representation of multiple defendants, the district court had a duty to determine whether Jesse's representation was compromised by an actual conflict of interest. But when the court concluded otherwise, to obtain post-conviction relief Ausler must at least show (i) that a conflict of interest existed, and (ii) that the conflict adversely affected Jesse's subsequent performance. <u>See</u> <u>Mickens</u>, 535 U.S. at 171-74; <u>Koste v. Dormire</u>, 345 F.3d 974, 982-83 (8th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1011 (2004). The adverse effect must be "actual and demonstrable." <u>Covey v. United States</u>, 377 F.3d 903, 908 (8th Cir. 2004) (quotation omitted). Here, Ausler argues only that the conflict issue was not properly resolved. He has shown neither actual conflict nor adverse effect.

Second, although Ausler argues the inquiry was inadequate, Magistrate Judge Jones did inquire into the nature of the conflict issue raised by defense counsel Jesse. Jesse was prudent to bring the purported conflict posed by Ausler's common law copyright demands to the court's attention. But the "conflict" purportedly created by Ausler's assertion of a common law copyright damage claim against Jesse (and the court) was frivolous on its face, as Ausler's conduct at the hearing made clear. The district court's duty to inquire into potential conflicts that might prejudice Ausler's defense required no elaborate inquiry in this case. We agree with the court that the common law copyright claim "was purely imaginary" and "did not disqualify Jesse from representing him in this proceeding." <u>See</u> <u>Winfield v. Roper</u>, 460 F.3d 1026, 1040 (8th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 2256 (2007); <u>Gannon v. Tucknott Miller</u>, 2006 WL 1793581, *2 (N.D. Ind. June 28, 2006).

Third, when Ausler persistently refused to explain his position and denied he had ever been represented by counsel, the court relieved Jesse of his appointment. At that point, no conceivable conflict existed. Jesse immediately volunteered to serve as standby counsel, demonstrating that Jesse was satisfied no conflict issue remained.

-5-

The court appointed Jesse standby counsel "at least at this point." Given Ausler's obvious need for immediate assistance, however unwanted, the court's action was prudent and certainly did not foreclose either Ausler or Jesse from revisiting the conflict issue with the court if circumstances or their on-going relationship warranted.

Finally, when Judge Reasoner began the trial, no new conflict of interest issue had been raised or would have been apparent. At the start of trial, Ausler became disruptive and was removed from the courtroom, leaving standby counsel Jesse to try the case for the defense. Again, no showing of an actual conflict that adversely affected Jesse's performance at trial has been made, or even attempted.

Finally, Ausler argues that Magistrate Judge Jones and Judge Reasoner violated Faretta v. California, 422 U.S. 806 (1975), when they incorrectly assumed that the non-responsive Ausler wished to represent himself *pro se* and failed to warn him of the harmful consequences of doing so. The district court denied a certificate of appealability on this issue, and we denied Ausler's motion to expand the certificate. Our review is limited to issues on which a certificate was granted. See 28 U.S.C. § 2253(c); Fields v. United States, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000).

### III. Sentencing Issues

Ausler argues that the decision in Booker declaring the mandatory Sentencing Guidelines unconstitutional is retroactive; therefore, he is entitled to be resentenced under the post-Booker advisory guidelines regime. As Ausler acknowledges, we have held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). We have continued to apply Never Misses a Shot after the Supreme Court's recent decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007). See United States v. Brown, 528 F.3d

1030, 1034 (8th Cir.), <u>cert. denied</u>, 2008 WL 4855838 (Oct. 6, 2008). We reject this claim. Ausler has preserved it for further appeal.

Finally, Ausler argues for the first time on appeal that we should remand pursuant to 18 U.S.C. § 3582(c) so he may petition the district court to adjust his sentence based on the 2007 amendment to the crack cocaine guideline. That issue must be raised in the first instance in the district court. <u>See</u> <u>United States v. Coleman</u>, 525 F.3d 665, 667 n.2 (8th Cir.), and cases cited, <u>cert. denied</u>, 2008 WL 4107193 (Oct. 14, 2008).

The order of the district court dated May 14, 2007, is affirmed.
_____