**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRIGINAL D. JACKSON,

  Plaintiff-Appellant,

v.

PATI BRUMMETT, New Mexico
Public Defender Office; 2 UNNAMED
PUBLIC DEFENDERS,

  Defendants-Appellees.

No. 08-2307
(D.C. No. 08-CIV-1091-PJK-LFG)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Proceeding *pro se*, Triginal Jackson brought this suit under 42 U.S.C.

§ 1983, against various state public defenders as well as their employer, the New

Mexico Public Defender's Office.  Mr. Jackson's complaint alleged that, after he

was charged with felony assault and four other misdemeanors in New Mexico

state court, the public defenders appointed to represent him violated his

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights by, among other things, continuing to represent him after he made clear that he wished to represent himself, and by prolonging his incarceration by requesting an unnecessary competency hearing.

Acting *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the district court dismissed Mr. Jackson's federal claims with prejudice, holding that the allegations in the complaint did not state a plausible claim for relief, and that granting leave to amend would be futile. To the extent Mr. Jackson's complaint raised state law claims, the district court declined to exercise its supplemental jurisdiction and dismissed them without prejudice. Dist. Ct. Op. at 3.

With respect to the federal claims against the individual public defenders named in Mr. Jackson's suit, the district court dismissed the complaint, reasoning that (a) a § 1983 suit may be brought against only defendants who act under color of state law, and (b) public defenders performing traditional functions as counsel to a defendant in a criminal proceeding do not do so. Dist Ct. Op. at 2-3 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). With respect to Mr. Jackson's claim against the New Mexico Public Defender Office, the district court held that the complaint failed to state a claim because (a) it was based on *respondeat superior* liability, which is not recognized under § 1983, Dist. Ct. Op. at 3 (citing *Polk County*, 454 U.S. at 325), and because (b) the office, an "arm of the state," possesses Eleventh Amendment immunity and is not a "person" for

purposes of § 1983, *id.* (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

We review the district court's dismissal *de novo*. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)). Additionally, because Mr. Jackson is proceeding *pro se*, we construe his pleadings and other papers with special solicitude. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Even with these generous standards in mind, we conclude that Mr. Jackson's suit does not state a plausible federal claim for relief for the very same reasons given by the district court. We also agree with the district court that it would be futile to grant leave to amend Mr. Jackson's federal claims. We cannot conceive of a way in which Mr. Jackson could amend his pleadings to state a plausible claim for relief under § 1983; neither has Mr. Jackson suggested any such course to us. Because we find Mr. Jackson's federal claims were properly dismissed with prejudice, the district court properly declined to exercise jurisdiction over Mr. Jackson's remaining state law claims. *See Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal

- 3 -

court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (quotation omitted). Accordingly, the district court's judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge