FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

DAN VACEK,

      Plaintiff - Appellant,

v.

COURT OF APPEALS, SANTA FE,
NEW MEXICO; MICHAEL E. VIGIL;
SECOND JUDICIAL DISTRICT
COURT, ALBUQUERQUE, NEW
MEXICO; ERNEST ROMERO;
JEANNETTE CHAVEZ; YVONNE
NIETO; SONIA BROWN;
ANGELICA LOPEZ; SJDC JOHN
DOE #1; NEW MEXICO
DEPARTMENT OF PUBLIC
SAFETY; SECRETARY JOHN
DENKO; REGINA CHACON; NCIC
USERNAME JOHN DOE #2 NMDPS;
SECOND JUDICIAL DISTRICT
ATTORNEY'S OFFICE,
ALBUQUERQUE, NEW MEXICO;
KARI BRANDENBURG; MICHELLE
KHADER; BERNALILLO COUNTY
SHERIFF'S DEPARTMENT,
BERNALILLO COUNTY, NEW
MEXICO; SHERIFF DARREN P.
WHITE; CAPTAIN DARCI
BLASCHKE; NCIC USERNAME
JOHN DOE #1BER; NCIC
USERNAME SOCRIST; NCIC
USERNAME SOMARI,

      Defendants - Appellees.

No. 08-2203
(D.C. No. 07-CV-01187-BB-RHS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

Plaintiff-Appellant Dan Vacek, a pro se litigant, appeals the district court's dismissal of his 42 U.S.C. §§ 1983 and 1985 civil rights complaint. See generally 2 R. Doc. 4, at 133 (First Amended Complaint); 3.1 R. Doc. 101, at 24 (dismissing claims against County defendants); 3.2 R. Doc. 74, at 866 (dismissing claims against State defendants). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

In November 2007, Mr. Vacek brought suit against various New Mexico State and County individuals and entities, complaining, *inter alia*, that Defendants-Appellees violated his civil rights when they issued a "no bond hold" bench warrant against him in a civil trial, 2 R. Doc. 4, at 153-54; failed to expunge the warrant from his record, id. at 162-66; failed to consolidate two cases in which he was a party, id. at 157-60; and improperly dismissed his appeal, id. at 154-55. In essence, Mr. Vacek alleged that the presence of an improperly issued

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

bench warrant on his record led to various violations of his civil rights, and that the New Mexico court system played a large role in those violations.

On January 2, 2008, the district court indicated that Mr. Vacek had raised "a number of claims that cannot be brought in this Court," citing reasons of judicial immunity, lack of jurisdiction, and a lack of federal or constitutional grounds for the relief requested. 3.1 R. Doc. 11, at 33. Mr. Vacek was ordered to show cause why those claims should not be dismissed. Id. Mr. Vacek responded, but again failed to state a claim upon which relief could be granted, and on April 28, 2008, the district court dismissed all but Mr. Vacek's claim concerning allegations that County defendants entered incorrect information regarding the warrant into the National Crime Information Center system. 3.2 R. Doc. 74, at 870.

Subsequently, pursuant to Federal Rule of Civil Procedure 12(b)(6), on June 16, 2008, the district court granted the State's motion to dismiss, and ordered Mr. Vacek to show cause why his claims against the County defendants should not be dismissed. 3.2 R. Doc. 88, at 1239. Finally, on August 7, 2008, the district court entered a judgment of dismissal, relieving the County defendants from the case, finding Mr. Vacek's claims legally infirm, and denying Mr. Vacek's motion for discovery. 3.1 R. Doc. 101, at 24; 3.1 R. Doc. 102, at 29. Mr. Vacek filed a timely notice of appeal on August 25, 2008. 3.1 R. Doc. 103, at 30.

We review de novo a district court's grant of dismissal under Federal Rule of Civil Procedure 12(b)(6), applying the same standards as the district court. Sunrise Valley, LLC v. Kempthorne, 528 F.3d 1251, 1254 (10th Cir. 2008). In conducting our review, we assume the truth of all well-pleaded factual allegations, and view them in the light most favorable to the non-moving party. KT & G Corp. v. Att'y Gen. of Okla., 535 F.3d 1114, 1133-34 (10th Cir. 2008). We review plaintiff's complaint for "plausibility," seeking to determine whether it includes "'enough facts to state a claim to relief that is plausible on its face.'" Id. at 1134 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Further, we take notice of the liberal pleading standards afforded to pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

Applying this standard, we agree that Mr. Vacek has failed to state a claim for which relief may be granted. First, the district court's orders to show cause inquiring into its jurisdiction to hear Mr. Vacek's claims were properly issued. See Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1239-40 (10th Cir. 2001). Second, the individual defendants listed in Mr. Vacek's complaint are entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Andrews, 483 F.3d at 1076. Third, the New Mexico courts and agencies listed as defendants, as well as their employees sued in their official capacities, are not entities against which 42 U.S.C. §§ 1983 or 1985 claims may be lodged

given Eleventh Amendment immunity. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Ruiz v. McDonnell, 299 F.3d 1173, 1180-81 (10th Cir. 2002). Fourth, Mr. Vacek failed to allege sufficient facts to state a plausible claim for relief. Pace v. Swerdlow, 519 F.3d 1067, 1075 (10th Cir. 2008) (indicating that factual allegations must rise above mere speculation). Fifth, Mr. Vacek failed to allege a federal or constitutional right that would entitle him to relief. West v. Atkins, 487 U.S. 42, 46-48 (1988). Sixth, the district court was without jurisdiction to interfere in state court proceedings, Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001), or to hear Mr. Vacek's state law claims, Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1164 (10th Cir. 2004). Seventh, Mr. Vacek has utterly failed to demonstrate bias on the part of the district or magistrate judge. See 28 U.S.C. § 144; see also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). For all of these reasons, we affirm the district court's dismissal of Mr. Vacek's claims.

Furthermore, the district court did not abuse its discretion in its decision to stay and ultimately deny Mr. Vacek's motion for discovery. Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002). At the time Mr. Vacek filed his motion on April 30, 2008, the district court had already scheduled a hearing on the State Defendant-Appellees' motion to dismiss. Fed. R. Civ. P. 26(d) & (f) (requiring a conference among the parties before discovery may

proceed); 3.2 R. Doc. 80, at 899 (indicating that a hearing date had been set for May 2008). As such, the district court was well within its discretion to hold Mr. Vacek's discovery request in abeyance until the pending motion to dismiss and issues raised in the court's second order to show cause had been resolved.

For the foregoing reasons, we AFFIRM the district court's dismissal. We have received Mr. Vacek's motion for extension to file a reply brief, as well as "Appellant's Brief Response," but because the brief is not in compliance with court rules, and given our disposition of this case, we DENY the motion. All other pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge