FILED
United States Court of Appeals
Tenth Circuit

January 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TRIGINAL D. JACKSON,

Plaintiff - Appellant,

v.

NEW MEXICO PUBLIC
DEFENDER'S OFFICE; PATTI
BRUMMETT; 3 UNKNOWN PUBLIC
DEFENDERS,

Defendants - Appellees.

No. 09-2093

(D. New Mexico)

(D.C. No. CIV-09-00351-MCA-DJS)

--------------------------------------

TRIGINAL D. JACKSON,

Plaintiff - Appellant,

v.

DA BRANDENBURG; 3 UNKNOWN
ADA; DISTRICT ATTORNEY'S
OFFICE, ALBUQUERQUE, NEW
MEXICO,

Defendants - Appellees.

No. 09-2158

(D. New Mexico)

(D.C. No. CIV-09-00094-JAP-ACT)

--------------------------------------

TRIGINAL D. JACKSON,

Plaintiff - Appellant,

v.

STATE OF NEW MEXICO; COUNTY
OF BERNALILLO; CITY OF
ALBUQUERQUE,

Defendants - Appellees.

No. 09-2215

(D. New Mexico)

(D.C. No. CIV-09-00698-BB-CG)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

Following encounters with the justice system on charges relating to several misdemeanors and a felony, Triginal Jackson filed separate § 1983[1] actions against his public defenders, the prosecutors, the State of New Mexico, County of Bernalillo, and City of Albuquerque, alleging violations of his constitutional

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Section 42 U.S.C. § 1983 provides, in relevant part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

rights.[2]  The district court dismissed the actions on grounds of frivolousness or failure to state a claim upon which relief could be granted.

Mr. Jackson, proceeding pro se, seeks leave to appeal those dismissals without prepayment of filing fees (*in forma pauperis*), pursuant to 28 U.S.C. § 1915(a)(1).  Apparently, he was not a prisoner at the time the appeals were filed; thus, certain provisions of § 1915 do not apply.

We consolidate these three appeals, Nos. 09-2093, 09-2158, and 09-2215, for purposes of disposition and, after applying the liberal standards of review accorded pro se litigants, we dismiss each of them for the reasons stated below.

**Appeal No. 09-2093**
**Jackson v. New Mexico Public Defender's Office**

This is the second time that Mr. Jackson has been before us appealing the dismissal of an action against the public defender, the public defender's office, and unnamed members of the staff.  See Jackson v. Brummett, 311 Fed. Appx.

---

[2]At various places in his pleadings, Mr. Jackson erroneously relies on the Supreme Court's opinion in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Section 1983 deals with claims against persons who, acting under color of state law, allegedly violated a right secured by the Constitution and laws of the United States.  See West v. Atkins, 487 U.S. 42, 48 (1988); Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009). That is the case here.  In contrast, in Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  Nothing in Mr. Jackson's complaint suggests involvement by federal officers; thus, Bivens is simply inapplicable.

114 (10th Cir. Feb. 9, 2009) (unpublished). He acknowledges in the complaint he filed in this case that his claims here are identical to the ones we previously reviewed and rejected. Compl. at 4. The only difference is that instead of naming two unknown public defenders, he adds a third unknown public defender.

We have compared Mr. Jackson's prior appeal with the case now before us and have confirmed Mr. Jackson's admission that the issues and claims in each are substantially identical. The enlargement of unknown public defenders from two to three is immaterial to the claims asserted.

As we have emphasized, "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008) (further quotation omitted). Thus, the finality of Mr. Jackson's first appeal raises the bar of preclusion to Mr. Jackson's current attempt to relitigate the same claims or issues. See Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009).

For that reason, as well as those stated in the district court's Mem. Op. and Order dated April 15, 2009, we deny Mr. Jackson's motion to proceed *ifp* and dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In this action, Mr. Jackson alleges that the district attorney repeatedly mishandled charges against him, including dismissals of those charges, leading to false imprisonment and loss of "job, housing, company housing, company paid meals, company vehicle, travel and pursuit of happiness." R. Vol. 1 at 4. Mr. Jackson characterizes that claim in his brief on appeal as "District Attorney could be sued for prosecuting casing that they knew or should have known the Defendant was innocent. District attorney could be sued for prosecuting maliciously after Defendant has been in jailed for multiple case and they all have been dismissed. Then it becomes obvious that Defendant is being framed. DA seek conviction at any price." Appellant's Br. at 2 (spelling and grammar as they appear in original).

In further counts, the complaint alleges: (1) false imprisonment, false charges, malicious prosecution, negligence, gross negligence and excessive charges; (2) false light, libel, "defamatory," and slander; (3) violations of due process; (4) discrimination "Efacto policy," legal egalitarianism, Amendment XIV, section 1 clause 2 of the United States Constitution known as the privileges and immunities clause (violation of the right to travel); and (5) "vicarious liability, command responsibility, agency – respondent [sic] superior –

Contributory negligence, Enterprise liability Title 42 U.S.C. 14141 (Pattern and Practice)." R. Vol. 1 at 6-7.

The district court dismissed the complaint as frivolous because prosecutors are immune from suit for actions in their prosecutorial function, see Imbler v. Pachtman, 424 U.S. 409, 431 (1976); and, as to the Office of the District Attorney, for the reasons (1) that it may not be sued under a respondeat superior theory, see Polk County v. Dodson, 454 U.S. 312, 325 (1981); (2) it is not a person for § 1983 purposes; and, (3) as an arm of the state, it is protected from suit by the Eleventh Amendment, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989). Order Dismissing Compl. at 3-4. The court also declined to take supplemental jurisdiction over any state law claims, as it was entitled to do after dismissing the federal claims. See Bauchman v. West High School, 132 F.3d 542, 549 (10th Cir. 1997). On appeal, Mr. Jackson argues generally that the district court was wrong and that we should look more deeply into the matter.

We review the district court's decision to dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(i) for an abuse of discretion, but if the frivolousness determination turns on an issue of law, we review the dismissal de novo. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). Although we are not bound to accept Mr. Jackson's factual allegations as true, they must be weighted in his favor. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). A

-6-

claim is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the district court's analysis. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs., 582 F.3d 1155, 1164 (10th Cir. 2009) (citing Imbler, 424 U.S. 409, 425-28). Such decisions include "whether and when to prosecute[] [and] whether to dismiss" a case. Imbler, 424 U.S. at 431 n.33 (emphasis added). The test is a functional one which focuses on activities "intimately associated with the judicial phase of the criminal process . . . ." Id. at 430. See Forrester v. White, 484 U.S. 219, 229 (1988). The focus, therefore, is "not on the harm that the conduct may have caused or the question whether it was lawful." Buckley v. Fitzsimmons, 509 U.S. 259, 271 (1993). The Court in Imbler put it as follows:

> [A] prosecutor inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.

Imbler, 424 U.S. at 425-26. And, as indicated above, the district court correctly pointed out that the office of the district attorney could not be sued under a respondeat superior theory; and it is protected from suit by the Eleventh

-7-

Amendment. Immunity also extends to supervising attorneys. See Van de Kamp v. Goldstein, 129 S. Ct. 855 (2009).

On appeal, Mr. Jackson provides us with no basis to reverse. Therefore, for substantially the same reasons stated by the district court in its Order Dismissing Complaint, filed on May 11, 2009, we deny Mr. Jackson's motion to proceed *ifp* and dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Appeal No. 09-2215**
**Jackson v. State of New Mexico,**
**County of Bernalillo, City of Albuquerque**

Mr. Jackson's complaint against the State, County and City alleges a host of grievances, mostly collectively, arising from two[3] arrests in Albuquerque by Officer Keith Sandy: a misdemeanor arrest of Mr. Jackson, following a traffic stop, for having an open container of an alcoholic beverage in his vehicle; and, later the same month, a felony arrest for battery (no details are supplied). The arrests led to detention, the imposition of bonds ($100 for the first infraction, $500 for the second), further detention, and ultimate release following dismissal of each case by the district attorney. R. Vol. 1 at 5-7.

Specifically, the complaint alleges false arrest; false imprisonment; malicious prosecution; harassment (no details furnished) in jail by an unnamed

---

[3]Mr. Jackson's various actions allege differing numbers of arrests. In the instant case he identifies only two, Compl. at 5, although he asserts elsewhere that he had been arrested three times. Id. at 6.

Bernalillo employee; being beaten and threatened (no names or details furnished); excessive bond amounts in violation of the Eighth Amendment resulting in continued detention in jail; negligence; gross negligence; contributory negligence; defamation (libel, slander, false light); "vicarious liability, Command responsibility, agency – respondent [sic] superior; Contributory negligence, Enterprise liability Title 42 U.S.C. Section 14141 (Pattern and Practice)," failure to properly monitor and supervise officers and lack of proper training (no names or details furnished); "Intentional infliction of emotional distress"; and "Harassment/Abuse of Power." Id. at 6-7.

The district court, after Mr. Jackson was given an opportunity to clarify his complaint, adopted the magistrate judge's recommendation, and, in addition, issued its own opinion dismissing the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Our review of the district court's dismissal for failure to state a claim is de novo. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). A dismissal for failure to state a claim is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). We construe Mr. Jackson's complaint liberally, See Ledbetter, 318 F.3d at 1187. Applying those standards here, we affirm the district court for the reasons stated below and for substantially the reasons set out in the district court and magistrate-judge's opinions.

## A. The State of New Mexico

Mr. Jackson's allegations against the State are too general and conclusory to address. And, allegations against particular State officials are wholly lacking except for references to the public defenders, the district attorney, and judges. Those allegations are addressed separately in Mr. Jackson's other actions, except for judges, and they have absolute immunity for the acts alleged—all of which were done in their judicial capacity. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).

In any event, the State cannot be sued under § 1983 for two separate reasons. First, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." Will, 491 U.S. at 66. And, despite Mr. Jackson's arguments to the contrary, the State of New Mexico has not waived its immunity in civil rights suits such as this. Second, § 1983 applies only to "persons" and, when sued solely for money damages, as in this case, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71; Hafer v. Melo, 502 U.S. 21, 26 (1991).

Thus, for the foregoing reasons and those set out in the Magistrate Judge's Mem. Op., dated August 11, 2009, and the District Court's Order Dismissing Case, dated September 2, 2009, this suit against the State must be dismissed under

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## B.  The County of Bernalillo and City of Albuquerque

Cities and counties are not immune from suit in federal court under § 1983. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978); see also Will, 491 U.S. at 65 n.7 ("[A] municipality is a person under § 1983. . . ."). But, we agree with the district court that Mr. Jackson has failed to make any allegations of wrongdoing with respect to any named or otherwise identified person, with the exception of Albuquerque police officer Keith Sandy (who is not a named party defendant), the district attorney, the public defender and the judge who imposed a bond (also not a named party defendant), all of whom we have discussed above.  And, he has failed to identify any County or City policy, custom or practice, or any policymaker, connected to an alleged violation of his rights under the Federal Constitution.  Thus, as to those entities, he has failed to state a claim upon which relief can be granted.

Nevertheless, we turn briefly to Mr. Jackson's constitutional tort claims of false arrest, malicious prosecution, false imprisonment, and related claims.  In this circuit, the state tort law of false arrest, false imprisonment, or malicious prosecution provides a starting point for analyzing a corresponding claim under § 1983.  See Erikson v. Pawnee County Bd. of County Com'rs, 263 F.3d 1151,

1154 (10th Cir. 2001) (discussing malicious prosecution); <u>Smith v. Plati</u>, 258 F.3d 1167, 1174 (10th Cir. 2001) (discussing false arrest and false imprisonment).

In New Mexico an essential element of each of those torts is a lack of probable cause. <u>See</u> <u>State v. Johnson</u>, 930 P.2d 1148, 1153 (N.M.1996); <u>Wolford v. Lasater</u>, 78 F.3d 484, 489 (10th Cir. 1996) (lack of probable cause is an essential element of malicious prosecution in New Mexico). <u>See also</u> <u>Nielander</u>, 582 F.3d at 1164 ("To establish a malicious prosecution claim under § 1983, a plaintiff must prove that the defendant initiated or continued a proceeding against him without probable cause."). Mr. Jackson acknowledges this requirement. Appellant's Op. Br. at 6, ¶3.A.

Mr. Jackson recites that Officer Sandy issued him a citation for having an open container of an alcoholic beverage, then arrested him when he twice refused to sign the citation, although he agreed at the point of arrest. <u>Id.</u> at 5, ¶2. Significantly, Mr. Jackson does not deny that he indeed had an open container of an alcoholic beverage in his vehicle or that the officer lawfully cited him for it.

Although Mr. Jackson does not furnish any details regarding the location of this incident, we note that it is unlawful in New Mexico to have an open can, bottle or other receptacle containing an alcoholic beverage in one's vehicle while on the public highway. N.M. Stat. Ann. § 66-8-138 (B), (C). The offense is classified as a Penalty Assessment Misdemeanor for the first offense, carrying a penalty assessment of $25.00. <u>Id.</u> § 66-8-116.

-12-

As indicated, Mr. Jackson does not deny that he violated the open container law. His argument is that he was not subject to arrest for refusing to sign the citation because he agreed at the point of arrest to sign it. Thus, he contends, his arrest was unlawful and led to a myriad of other woes (the setting of a bond, incarceration and so forth).

Likewise, Mr. Jackson alleges that Officer Sandy arrested him for battery, an offense under N.M. Stat. Ann. § 30-3-4, but does not deny that the elements of that statute (or the related statute concerning assault, N.M. Stat. Ann. § 30-3-1—to which some reference appears in these pleadings) were met so as to provide Officer Sandy probable cause to arrest.

First of all, Mr. Jackson is wrong about Officer Sandy's right to arrest him along with issuing a citation for violating the open container law. New Mexico law, N.M. Stat. Ann. § 31-1-6(A), appears to give the officer discretion to arrest.

Regardless, the Supreme Court has said that "when an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of public and private interests is not in doubt. The arrest is constitutionally reasonable." Virginia v. Moore, 128 S. Ct. 1598, 1604 (2008); Atwater v. Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

While there may exist a line somewhere beyond which something is so minor that even the rule of the <u>Moore</u> and <u>Atwater</u> cases does not apply, we decline to draw it in a situation where a driver is on the road with an open container of alcohol available in his vehicle. The arrest for this admitted offense was clearly supported by probable cause (a statutory offense in the officer's presence), and was, therefore, reasonable for Fourth Amendment purposes. The same conclusion applies to the arrest of Mr. Jackson for battery. And, since the arrests were supported by probable cause, the ensuing court proceedings did not violate the Constitution.

We have considered all of Mr. Jackson's arguments. Most relate to his lawful arrest and detention based on probable cause and fail as a result. His Eighth Amendment claims are wholly conclusory and name no individuals. Thus, they fail as well, along with other conclusory allegations. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>see also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

For the reasons stated above and those stated in the Magistrate Judge and District Court's orders referred to above, we dismiss the complaint against the County of Bernalillo and City of Albuquerque under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Mr. Jackson is denied leave to appeal ifp in each of these cases, No's. 09-2093, 09-2158, and 09-2215, and each appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge