**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRIGINAL D. JACKSON,

Plaintiff - Appellant,

v.

CHIEF OF POLICE; DEPUTY CHIEF;
SANDY; MDC MEDICAL; K.D.
LOVATO; CITY OF ALBUQUERQUE,

Defendants - Appellees.

No. 10-2080
(D.C. No. 1:09-CV-00285-JCH-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

Triginal Jackson appeals, pro se, from the district court's dismissal of his 42

U.S.C. § 1983 Complaint against the City of Albuquerque, its Chief of Police, the Deputy

Chief, Officer Keith Sandy, MDC Medical (aka CMS), and K.D. Lovato (a police

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

department clerk).[1]  We affirm.

## I.  BACKGROUND

The facts alleged in Jackson's Complaint are set out here as written and in their entirety:

> On 03-06-09 I was stopped as a passenger in a van.  Officer Sandy comes straight to passenger door and request license.  Then asked me for my I.D. He then asked if thier [sic] was any open containers in van.  I said "NO". He asked me to get out.  I did he look seen a [sic] empty beer can and told me to place my hand on my head.  He then pulled my hair and hands and order[ed] me to spread my legs which was already spread.  He then kick my legs open more and slammed my head forward.  And said you lied to me. He wrote ticket[.]  I refused to sign he told me I would be going to jail I told him I would sign he told me to [sic] late.  [A]nd took me to jail.  Thier [sic] the paramedic did the same.  Background investigator refused to release me without a phone no.

(R. at 7.)  Apparently, the referenced "paramedic" is the defendant Jackson identified as "Booking Intake Nurse" employed at MDC.  (*Id*.)  Jackson states, "I was held in cell for not answering medical question.  Not give a bail.  Not allow to go to court.  Kept in same cell for 2 days without shower or a hot meal."  (*Id*.)  Jackson's complaint is devoid of further factual allegations.  Jackson was arrested on March 6 and released on March 7, 2009.

Jackson's claims included false imprisonment, but his supporting facts concede that state law allows a citizen to be placed in jail for refusing to sign a ticket.  He also claimed "false light" stating, "I did inform officer that I would sign.  He wrote refusal on ticket."  (*Id*. at 8).   His third claim was malicious prosecution/false charge/denial of bail

---

[1] From November 2008 through September 23, 2009, Jackson filed no less than ten pro se lawsuits, often naming the same defendants.

based on the allegation he "was placed in jail for not signing [in violation of] my 1th Amend. Right, 9th Amend Right. 5th, 14th, 13th." (*Id*. at 9.)

The City and police department defendants were never properly served. Jackson filed a motion to add additional parties. MDC and Lovato filed motions to dismiss for failure to state a claim. MDC was dismissed because Jackson's complaint did not mention MDC other than stating its name in the caption and Jackson made no claim MDC was responsible for the actions of its paramedic.

Initially, the court did not dismiss the claims against Lovato because Jackson's subsequent responsive pleadings in the case indicated an amended complaint may cure the complaint's deficiencies. However, Jackson did not file a motion to amend. Eventually, however, going beyond the Complaint and considering all facts alleged against Lovato in Jackson's responsive pleadings, the district court concluded the short delay in processing his release was caused solely by his own refusal to cooperate with the procedures. The district court dismissed the claims against the City of Albuquerque and the police defendants, despite Jackson's failure to properly serve those parties, noting we affirmed the dismissal of an earlier claim against the City, County and State of New Mexico based upon the same arrest in another suit. *See Jackson v. State*, 361 Fed. Appx. 958, 962-63 (10th Cir. 2010) (unpublished). The court dismissed the Complaint with prejudice in its entirety for failure to state a claim.

The court also denied Jackson's motion to add additional parties. It explained Jackson had failed to file a proposed amended complaint with his motion and it appeared he wished to add additional parties unassociated with his arrest and detention on March 6

and 7, 2009. Jackson's nine pending motions, notices and requests were denied as moot. Jackson raises seventy-three issues on appeal.

## II.    DISCUSSION

Jackson's issues can be distilled to the following (1) whether the district court erred in dismissing his Complaint for failure to state a claim and (2) whether it erred in denying his motion to amend his Complaint to add additional defendants. "We review the grant of a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo." *Dennis v. Watco Cos.*, 631 F.3d 1303, 1305 (10th Cir. 2011). Jackson provides no reasoned argument why his Complaint, as written, should not have been dismissed. The factual allegations merely reiterate the same allegations against the City, the police department and its officers that were previously addressed by this Court. There are no factual allegations registered against MDC nor are there claims against MDC or Lovato in the Complaint. Thus, any error could only be based on the denial of a motion to amend his Complaint, which Jackson never filed.

Turning to his previous motion to add parties, "[w]e . . . review a denial of a motion to amend a pleading for abuse of discretion." *Miller ex. rel. S.M. v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009). Jackson's motion to amend his complaint sought only to amend the complaint to add parties. Jackson concedes his motion did not include a proposed amended complaint in violation of local court rules and he does not argue that the additional parties were personally involved in his March 6, 2009 arrest. Instead, he contends "just because pro-se plaintiff does not know ever [sic] rule does not mean he should be RAPE [SIC] of HIS RIGHTS."

(Appellant's Br. at 14.) Histrionics aside, "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotations omitted).

We note Jackson does not explain why he failed to file a motion to add factual allegations against MDC and Lovato or why any amendment would not be futile at this point. He does not explain: (1) why our prior decision regarding these claims against the City of Albuquerque does not preclude his current claims, *see Jackson*, 361 Fed. Appx. at 962; (2) why his response to MDC's motion to dismiss telling MDC to "view [his] other law suit . . . against MDC" to determine the factual basis for his claims did not waive or abandon any amendment of the claims against MDC (R. at 44.); or (3) why his failure to file a motion to amend the complaint to add the allegations against Lovato did not waive that issue on appeal, *see United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The well-settled law of this circuit is that issues not raised in district court may not be raised for the first time on appeal."). Although a pro se plaintiff's pleadings are entitled to some allowances, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In sum, Jackson's appeal is entirely frivolous.

The district court properly dismissed Jackson's complaint for failure to state a claim and did not abuse its discretion in denying his motion to add additional parties. We wish to impress upon Jackson that our affirmation of the district court's order is the *final* determination as to any of these parties' liability for the events regarding Jackson on

March 6 and 7, 2009.

    AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
