FILED
United States Court of Appeals
Tenth Circuit

October 31, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TRIGINAL D. JACKSON,

Plaintiff – Appellant,

v.

NEW MEXICO ATTORNEY
GENERAL; NEW MEXICO
DEPARTMENT OF CORRECTIONS
PROBATION AND PAROLE,

Defendants – Appellees.

No. 13-2140
(D. N.M.)
(D.C. No. 1:12-CV-00543-LH-SMV)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **TMYKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Mr. Triginal D. Jackson requests a certificate of appealability to appeal the

district court's denial of his habeas petition. We deny the request for a certificate

of appealability and dismiss the appeal.

## I. Background

Mr. Jackson was indicted in state court for aggravated assault with a deadly

weapon. Before trial, the court allowed Mr. Jackson to represent himself, but

appointed standby counsel over Mr. Jackson's objections. The appointed standby

counsel, Cyndi Sanchez, was an assistant public defender in the New Mexico

Public Defender's Office who had previously represented Mr. Jackson. During the trial, Ms. Sanchez helped by drafting proposed jury instructions, communicating with the prosecutor and the court about these instructions, and objecting once during Mr. Jackson's cross-examination. Mr. Jackson was ultimately convicted.

Mr. Jackson appealed in state court; and when the appeal failed, he filed a federal habeas petition, alleging that: (1) Ms. Sanchez's trial participation amounted to legal representation, which encroached on his right to represent himself, (2) Ms. Sanchez was ineffective because she had a conflict of interest and failed to ensure that the appeal was timely, and (3) the district court violated the right to a speedy trial.

The district court denied the habeas petition and an application for a certificate of appealability. The present application followed.

## II. Requirement for a Certificate of Appealability

We can grant this application only if we conclude that Mr. Jackson has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). Because the district court rejected the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. The Right to Self-Representation

2

Mr. Jackson contends that his constitutional right to represent himself was violated by Ms. Sanchez's involvement in drafting jury instructions, communications with the court and prosecutor, and "legal arguments" despite Mr. Jackson's "attempts to have her removed." The district court concluded that the attorney's actions did not encroach on Mr. Jackson's right to represent himself.

Mr. Sanchez's actions did not prevent Mr. Jackson from controlling his defense. Thus, reasonable jurists could not disagree with the district court's conclusion that Mr. Jackson had a "fair chance to present his case in his own way." *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984).

## IV.    Standby Counsel's Failure to Appeal

According to Mr. Jackson, Ms. Sanchez was ineffective because she failed to appeal. We disagree.

Mr. Jackson admits that he did not ask Ms. Sanchez to file an appeal. But he claims that "she should have deduced that he wanted her to file an appeal when she received a copy of his pro se appeal." R. at 552. It was her duty as counsel, he continues, "to check to see if [her] client want[ed] to appeal." *Id.*

For this claim, Mr. Jackson had to prove that Ms. Sanchez's representation was deficient because of her failure to file an appeal. *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). And to prevail, Mr. Jackson had to demonstrate the deficiency by a preponderance of the evidence. *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam). The district court concluded that

3

Mr. Jackson did not satisfy this burden, finding that Ms. Sanchez had no way of knowing that Mr. Jackson had wanted her to file an appeal. Mr. Jackson's present arguments are meritless.

In the habeas petition, Mr. Jackson alleged that he did not want Ms. Sanchez to continue speaking on his behalf. Habeas Pet. at 16. And, Ms. Sanchez was appointed as standby counsel over Mr. Jackson's objection. The record could not have led any reasonable jurist to find that Ms. Sanchez would have known that Mr. Jackson wanted her to file an appeal. As a result, we decline to issue a certificate of appealability on this claim.

## V. Conflict-of-Interest for Standby Counsel

Mr. Jackson also contends that Ms. Sanchez had a conflict of interest because she was a New Mexico assistant public defender, an office that Mr. Jackson had previously sued. *See Jackson v. N.M. Pub. Defender's Office*, 361 F. App'x 958, 961 (10th Cir. 2010) (affirming the dismissal of Mr. Jackson's 42 U.S.C. § 1983 suit against unnamed public defenders); *see also Jackson v. Brummett*, 311 F. App'x 114, 116 (10th Cir. 2009) (same). While these suits reflect Mr. Jackson's general dissatisfaction with the public defender's office, we are not persuaded that these suits against unnamed public defenders, which were promptly dismissed as frivolous, created a conflict of interest for Ms. Sanchez as standby counsel in violation of Mr. Jackson's Sixth Amendment rights. *See Ausler v. United States*, 545 F.3d 1101, 1104 (8th Cir. 2008) (concluding that no conflict

4

with standby counsel existed when the defendant brought a frivolous, "purely imaginary" suit against his counsel (internal quotation marks omitted)).

## VI.    Right to a Speedy Trial

We also decline to grant a certificate of appealability on the speedy-trial claim.  Mr. Jackson argues that the continuances:  (1) impaired his ability to work and resulted in greater living expenses, and (2) violated state procedural rules. These arguments would not support a speedy-trial claim.  As the district court held, personal difficulties (such as an inability to work and greater living expenses) do not ordinarily constitute the sort of prejudice required for a speedy-trial claim.  *See United States v. Van Dyke*, 605 F.2d 220, 226 (6th Cir. 1979) (inability to find a job); *United States v. Netterville*, 553 F.2d 903, 916 (5th Cir. 1977) (inability to work and some financial hardship); *United States v. Summage*, 575 F.3d 864, 875 (8th Cir. 2009) (strain on family ties and delay in obtaining medical care).  And violation of New Mexico state procedure does not justify habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## VII.   Conclusion

Because the district court's ruling is not reasonably debatable, we deny the request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5