**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAMIAN MACIAS,

Plaintiff - Appellant,

v.

ALAN J. GRIFFIN, Deputy District
Attorney, and Fifth Judicial District
Attorney's Office,

Defendants - Appellees.

No. 15-2059
(D.C. No.1:14-CV-01105-JCH-WPF)
(D. of N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.[**]

---

Damian Macias, a state prisoner proceeding *pro se* and *in forma pauperis*,

appeals the dismissal of his civil rights complaint under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Macias sued a deputy district attorney and New Mexico's Fifth Judicial District Attorney's Office under 42 U.S.C. § 1983. He alleged violations of his constitutional rights arising out of the state's alleged failure to provide notice of its intention to seek an increased sentence based on the presence of aggravating circumstances. Because Macias was proceeding *in forma pauperis*, 28 U.S.C. § 1915 obligated the district court to review his complaint and enter a judgment of dismissal if the complaint failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court found dismissal was warranted because the district attorney was protected by prosecutorial immunity and the district attorney's office was part of the state and thus not a "person" within the meaning of § 1983.[1]

We review dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).[2] In doing so, we

---

[1] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] The district court cited Federal Rule of Civil Procedure 12(b)(6) as an alternative source of authority to sua sponte dismiss Macias's complaint. *See* R. at 27 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) for the proposition that a court may *sua sponte* dismiss under Rule 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile"). This does

(continued...)

construe Macias's *pro se* brief liberally, but "we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187–88 (10th Cir. 2003)) (internal quotation marks omitted).

Macias's brief reasserts the alleged constitutional violations and contends that a review of the record "will show that the court ruled improperly." Aplt. Br. at 4. He makes no argument as to why the district attorney is not entitled to immunity or why the district attorney's office is an entity subject to suit. Even proceeding *pro se*, Macias had an obligation to comply with Federal Rule of Appellate Procedure 28. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). We will not "fill the void" where an appellant does not comply "by crafting arguments and performing the necessary legal research." *Id.* at 841. Accordingly, we find any challenge to either of the district court's conclusions waived. *See id.* ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

Even were we to forgive the inadequacies in the briefing, however, we would affirm. Prosecutors are immune from suit under § 1983 for their decisions

---

[2](...continued)
not affect our review on appeal because "[w]e apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay*, 500 F.3d at 1217.

to prosecute, and Macias's complaint alleged no facts to suggest the district attorney was acting outside of his prosecutorial function. *See Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425–28 (1976)).

Dismissal of the claims against the district attorney's office was also appropriate because it is a state office that is both protected by the Eleventh Amendment and not subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Jackson v. N.M. Pub. Def.'s Office*, 361 F. App'x 958, 962 (10th Cir. 2010) (holding that New Mexico's Second Judicial District Attorney's Office "is protected from suit by the Eleventh Amendment"); *Vacek v. Court of Appeals, Santa Fe., N.M.*, 325 F. App'x 647, 649 (10th Cir. 2009) ("[T]he New Mexico courts and agencies [including the Second Judicial District Attorney's Office] listed as defendants . . . are not entities against which . . . § 1983 . . . claims may be lodged given Eleventh Amendment immunity."); *Ysais v. Richardson*, No. Civ. 07–0287 JB/RLP, 2008 WL 4861697, at *5 (D.N.M. July 9, 2008) (finding New Mexico's Thirtieth Judicial District Attorney's Office is a state entity).

Accordingly, we affirm the dismissal. The district court's dismissal of the complaint constitutes one "strike" against Macias under the Prison Litigation Reform Act. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir.

2011) ("When an action or appeal is dismissed as frivolous, as malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike.") (citing *Jennings v. Natrona Cty. Det. Ctr. Med. Fac.*, 175 F.3d 775, 777–78 (10th Cir. 1999)).  We caution Macias that at three strikes he will be subject to the filing restrictions found in § 1915(g).  Finally, we affirm the magistrate judge's order granting leave to proceed *in forma pauperis* on appeal, but take this opportunity to remind Macias of his obligation to make partial payments until the filing fees are paid in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge